UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>Neighborhood Restaurant Partners Florida, LLC, d/b/a Applebee's Restaurant,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful race-based and sex-based employment practices and to provide appropriate relief to Charging Party Jebriel Teague ("Mr. Teague") who was adversely affected by such practices. As alleged with greater specificity below, Neighborhood Restaurant Partners Florida, LLL d/b/a Applebee's Restaurant ("Applebee's") subjected Mr. Teague to a hostile work environment based on his race; subjected him to a hostile work environment based on his sex/sexual orientation; retaliated against him by reducing his hours; and constructively discharged him.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1)

and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper because a substantial part of the events giving rise to Title VII violations occurred in the Middle District of Florida. Further, Applebee's has a restaurant in Plant City, Florida, which is within the jurisdiction of the U.S. District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission" of "the EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Applebee's is registered to do business in Florida, has continuously done business in Florida, and at all relevant times, employed at least 15 employees.

5. At all relevant times, Applebee's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Mr. Teague filed a Charge of Discrimination with the Commission alleging that Applebee's violated Title VII.

7. The Commission issued a Letter of Determination, finding reasonable cause to believe that Applebee's discriminated against Mr. Teague on the basis of race, sex/sexual orientation, retaliation, and constructive discharge.

8. Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Applebee's is a casual dining restaurant with over 500 employees.

11. Mr. Teague is a gay, black male.

12. Mr. Teague started working for Applebee's as line cook in March 2019.

13. Mr. Teague worked approximately 5-6 shifts per week.

14. While working at Applebee's, Mr. Teague experienced frequent harassment about his sexual orientation by co-workers, including Cody Curby and Bobby Hogge.

15. The harassment included, but was not limited to, the following:

   a. Saying "anal beads" to Mr. Teague on a near daily basis;

   b. Using the terms "fag," "faggot," and "bitch" on a frequent basis;

   c. Making inappropriate jokes about Mr. Teague's sexual orientation; and

   d. Making comments about dildos.

16. Mr. Teague also experienced frequent racial harassment by Curby and

Hogge. The harassment included, but was not limited to, the following:

    a. Co-worker(s) using the n-word openly and nonchalantly; and

    b. Cody Curby wore a Confederate flag hat "all the time" at work.

17. In fact, Mr. Teague repeatedly heard the n-word throughout his employment.

18. Mr. Teague complained to management about the harassment he was subjected to at Applebee's, but was told to "ignore it," and that Curby and Hogge were just joking around.

19. The harassment continued after Mr. Teague complained.

20. Towards the end of Mr. Teague's employment, Store Manager Dustin Johnson purportedly conducted an investigation. Applebee's does not have any notes of that investigation.

21. In response to Mr. Teague's complaints, Johnson then cut Mr. Teague's hours and scheduled him to work three shifts the week of June 3, 2019; zero shifts the week of June 10, 2019, and one shift the week of June 17, 2019.

22. Mr. Teague asked Johnson for more hours, but he was told there were no more hours for him.

23. As a result of the harassment and retaliation, including an over fifty percent cut in hours, Mr. Teague was constructively discharged in June 2019.

24. As a result of Applebee's conduct, Mr. Teague was harmed and suffered damages.

## STATEMENT OF CLAIMS

*Count I – Hostile Work Environment-Sex/Sexual Orientation*

25. As set forth in paragraphs 11-15 and 18-24, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Mr. Teague to a hostile work environment on the basis of sex/sexual orientation.

26. As set forth in paragraphs 11-15 and 18-24, the hostile work environment culminated in retaliation and Mr. Teague's constructive discharge.

27. The effect of the practices complained of in paragraphs 11-15 and 18-24 has been to affect the terms and conditions of employment for Mr. Teague, to deprive him of equal employment opportunities and to otherwise adversely affect his status as an employee because of his sex/sexual orientation.

28. The unlawful employment practices complained of in paragraphs 11-15 and 18-24 were intentional.

29. The unlawful employment practices complained of in paragraphs 11-15 and 18-24 were done with malice or with reckless indifference to the federally protected rights of Mr. Teague.

*Count II – Hostile Work Environment-Race*

30. As set forth in paragraphs 11-13 and 16-24, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Mr. Teague to a hostile work environment on the basis of race.

31. As set forth in paragraphs 11-13 and 16-24, the hostile work environment

culminated in retaliation and Mr. Teague's constructive discharge.

32. The effect of the practices complained of in paragraphs 11-13 and 16-24 has been to affect the terms and conditions of employment for Mr. Teague, to deprive him of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race.

33. The unlawful employment practices complained of in paragraphs 11-13 and 16-24 were intentional.

34. The unlawful employment practices complained of in paragraphs 11-13 and 16-24 were done with malice or with reckless indifference to the federally protected rights of Mr. Teague.

*Count III- Retaliation- Reduction in Hours*

35. As set forth in paragraphs 11-24, Defendant engaged in unlawful employment practices, in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000e-3(a)(1), by reducing Mr. Teague's hours in retaliation for complaining about sex/sexual orientation and race discrimination.

36. The effect of the practices complained of in paragraphs 11-24 has been to affect the terms and conditions of employment for Mr. Teague, to deprive him of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race.

37. The unlawful employment practices complained of in paragraphs 11-24 were intentional.

38. The unlawful employment practices complained of in paragraphs 11-24

were done with malice or with reckless indifference to the federally protected rights of Mr. Teague.

### *Count IV- Constructive Discharge*

39. As set forth in paragraphs 11-24, Defendant engaged in unlawful employment practices, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3, by constructively discharging Mr. Teague.

40. The effect of the practices complained of in paragraphs 11-24 has been to affect the terms and conditions of employment for Mr. Teague, to deprive him of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race.

41. The unlawful employment practices complained of in paragraphs 11-24 were intentional.

42. The unlawful employment practices complained of in paragraphs 11-24 were done with malice or with reckless indifference to the federally protected rights of Mr. Teague.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Applebee's, its officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based sex/sexual orientation and race including, but not limited to, permitting a hostile work environment and/or retaliating against employees who engage in statutorily protected activity in the workplace;

B. Order Applebee's to institute and carry out policies, practices, and programs which provide equal employment opportunities for gay and black employees and which eradicate the effects of its past and present unlawful employment practices;

C. Order Applebee's to make Mr. Teague whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Applebee's unlawful employment practices including but not limited to reinstatement and/or front pay;

D. Order Applebee's to make Mr. Teague whole, by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order Applebee's to pay Mr. Teague punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: August 12, 2021                              Respectfully submitted,

                                                   U.S. EQUAL EMPLOYMENT
                                                   OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507


ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676

s/Kristen M. Foslid
KRISTEN M. FOSLID
Supervisory Trial Attorney
Florida Bar No. 0688681
U.S. Equal Employment
Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
(786) 648-5835