UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

JEBRIEL TEAGUE,

Intervenor Plaintiff,

v. CASE NO. 8:21-CV-01931-VMC-JSS

NEIGHBORHOOD RESTAURANT PARTNERS FLORIDA, LLC, d/b/a Applebee's Restaurant,

Defendant.
_________________________________/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**I.**

**PRELIMINARY STATEMENT**

1. On November 3, 2021, the Equal Employment Opportunity Commission ("EEOC") served Plaintiff Equal Employment Opportunity Commission's First Set of Requests for the Production of Documents (the "Request

for Production"). The Request for Production sought 52 categories of sweeping document requests.

2. On December 3, 2021, defendant Neighborhood Restaurant Partners Florida, LLC ("NPR") served Defendant's Responses and Objections to Plaintiff's First Set of Requests for the Production of Documents. [Doc. 32-2].

3. On January 6, 2022, the EEOC sent an email to NRP's counsel regarding NRP's objections to Request for Production Nos. 16-20, 23-30, 42-45 [Doc. 32-3, pp. 21-24].

4. On January 26, 2021, counsel for the parties had a lengthy conference call to discuss the issues raised by the EEOC in its January 6, 2022 email. [1]

5. During this call, counsel for NRP cautioned counsel for the EEOC that NRP is unsophisticated with regard to ESI and that, because it operates restaurants, many employees, including the two alleged harassers, do not have access to a company email or computer. Nonetheless, in an attempt to conciliate its objections to the EEOC's requests and avoid the cost of a motion to compel, NRP agreed to perform keyword searches in specified custodians' email accounts.

[1] Undersigned counsel Richard McCrea was out of state on vacation from January 27 through January 31, 2022. Undersigned counsel Cayla Page was out of state on vacation from February 7 through February 13, 2022.

6. In response to Request Nos. 16-24, NRP agreed to search for responsive documents limited to complaints concerning harassment/discrimination based on race, sexual orientation, or complaints of retaliation at NRP's Plant City restaurant since March 2014.

7. In response to Request Nos. 25-26, NRP agreed to search for complaints concerning harassment/discrimination based on race, sexual orientation, or retaliation at its Plant City restaurant since March 2014.

8. In response to Request Nos. 27, 28, 29 and 30, NRP agreed to conduct a key word searches for responsive documents.

9. In response to Request Nos. 42-43, NRP agreed to search for any additional documents related to the terminations of Cody Curby and Bobby Hogge. On January 26, 2022, counsel asked NRP for any additional documents responsive to this request from NRP. No additional documents have been located.

10. In response to Request No. 44, NRP agreed to produce any additional documents in existence.

11. In response to Request No. 45, NRP objected to producing the financial documents requested on the grounds that the request was premature and EEOC had not established an entitlement to punitive damages.[2]

12. On February 17, 2022, NRP informed the EEOC of the following:

- We have asked our client to search whether NRP has received any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

- [We] [w]ill ask Peter Gauvin to search his emails for any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014 and also search any HR files for the same;

- [We] [w]ill ask Lissa Tully to search emails for any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

- Dustin Johnson and Michael Clayton are no longer employed. However, we will inquire with our client's IT department if it is possible to search their emails (please note that Dustin did not have his own email, he used Restaurant email) for emails for any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

- Hogge, Curby and Teague did not have company emails

[2] In an effort to avoid a motion to compel, NRP offered to provide a declaration attesting to the fact that NRP is capable of paying a punitive damage award up to the statutory cap. However, the EEOC rejected that conciliation offer.

13. In response to Request Nos. 16-20, 23-24, NRP informed the EEOC that:

- We have asked our client to search whether NRP has received any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

- We agree to ask our client to do a review whether there are any HR records, including notes or other documentation, that memorialize complaints that were made even if those complaints did not escalate to a Charge or lawsuit

14. In response to Request Nos. 25-26, NRP informed the EEOC that:

- We have asked our client to search whether NRP has received any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

    - We agree to ask our client to do a review whether there are any HR records, including notes or other documentation, that memorialize complaints that were made even if those complaints did not escalate to a Charge or lawsuit

15. In response to Request Nos. 27-28, NRP informed the EEOC that:

- We have asked our client to search whether NRP has received any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

    - Defendant objects to searching any names independently. For example searching "Cody" or "Bobby" alone may unnecessarily capture

communications that are not "concerning Mr. Teague" or even communications that are not to, from, or about Cody Curby and Bobby Hogge

- We will agree to perform searches of the following custodians
  - Peter Gauvin
  - Lissa Tully
  - Michael Clayton (to the extent that these emails were maintained after his departure)
  - Plant City restaurant's email

- We agree to ask our client to perform searches for the following and produce those documents to our office for review to ensure that they are responsive and contain communications "concerning Mr. Teague" or/to from Mr. Teague from March 1, 2014 until July 1, 2019
  - "Cody Curby" OR "Curby"
  - "Bobby Hogge" OR "Hogge"
  - "Jebriel Teague" OR "Teague"

16. In response to Request Nos. 29-30, NRP informed the EEOC that:

- We have asked our client to search whether NRP has received any complaints of racial or sexual orientation harassment, discrimination or retaliation from Plant City employees since March 1, 2014;

- We will agree to perform searches of the following custodians:
  - Peter Gauvin
  - Lissa Tully
  - Michael Clayton (to the extent that these emails were maintained after his departure)
  - Plant City restaurant's email

- We agree to ask our client to perform searches for the following and produce those documents to our office for review to ensure that they are responsive and contain communications "concerning Mr. Teague" or/to from Mr. Teague from March 1, 2014 until July 1, 2019

    - "Cody Curby" OR "Curby"
    - "Bobby Hogge" OR "Hogge"
    - "Jebriel Teague" OR "Teague"

- Moreover, our client is unsure whether their IT contact has the capabilities to run the searches below as formulated. The individual who has the ability to conduct searches is on leave until at least the end of this week. Moreover, the below are overbroad and encompass well beyond what is sought (concerning Mr. Teague). For example, the below searches [are] not limit[ed] to discrimination, harassment or retaliation on the basis of sexual orientation or race, nor do these searches limit this information to the Plant City location.

    - discrim!/10 (race or black or color or LGBT or gay! or orient!)
    - harass! w/10 (race or black or color or LGBT or gay! orient!)
    - retal/10 (hour! or sched! or shift!)
    - Dustin/10 (term! or discrim! or invest! or fire! or retal!)
    - Johnson/10 (term! or discrim! or invest! or fire! or retal!)

17. On February, 21, 2022, counsel for the parties continued their conciliation efforts by attempting to reach agreement on the searches that would be run in response to the EEOC's requests for production. At this time, counsel for NRP informed the EEOC's counsel that "it would be reasonable to give the client 2 days to perform and upload the searches (first, I would need to confirm

that the person is back and available to do so) and our office would need between 2-4 days to review (***depending on the size of the production***)." (Emphasis added).

18. On February 24, 2022, counsel for the parties again had a conference call in an attempt to finalize the conciliation as to search terms. On February 28, 2022, in order to avoid the expense of a motion to compel, counsel for NRP acceded to run the searches insisted upon by the EEOC. Counsel for NRP provided the search terms to NRP on the same date.

19. The search terms insisted upon by the EEOC in response to Request Nos. 16-20, 23-26, covering the period from March 1, 2014 through July 1, 2019, were as follows:

- "racial harassment" and "plant city"
- "harass" and "plant city"
- "Racial discrimination" and "plant city"
- "race" and "plant city"
- "sexual orientation discrimination" and "plant city"
- "sexual orientation harassment" and "plant city"
- "sexual orientation" and "plant city"
- "gay" and "plant city"
- "retaliation" and "plant city"
- "retaliation" and "store /3 123"
- "complain!" and "plant city"
- "complain!" and "store /3 123"
- "harass" and "store /3 123"
- "rac!" and "plant city"
- "rac!" and "store /3 123"
- "inappropriate" and "plant city"

- "inappropriate" and "store /3 123"
- "offensive" and "plant city"
- "offensive" and "store /3 123"
- "sexual orientation" and "store /3 123"
- "gay" and "store /3 123"
- "confederate" and "plant city"
- "confederate" and "store /3 123"
- "derogatory" and "plant city"
- "derogatory" and "store /3 123"
- "Nig!" and "store /3 123"
- "Nig!" and "plant city"
- "Black" and "store /3 123"
- "Black" and "plant city"

20. The search terms insisted upon by the EEOC in response to Request Nos. 27-30, covering the period March 1, 2019 through the present, are as follows:

- "Cody Curby" OR "Curby" OR "Cody"
- "Bobby Hogge" OR "Hogge" OR "Bobby"
- "Jebriel Teague" OR "Teague" OR "Jebriel" OR "JT"
- "Gay"
- "Harass"
- "Confederate"
- "Sexual orientation"
- "Fag"
- "Faggot"
- "Bitch"
- "Anal beads"
- "Dildo"
- "N***er"
- "Nig!"
- "N-word"
- "N word"
- "EEOC"

- discrim! /10 (race or black or color or LGBT or gay! or orient!)
- harass! w/10 (race or black or color or LGBT or gay! orient!)
- retal /10 (hour! or sched! or shift!)
- Dustin /10 (term! or discrim! or invest! or fire! or retal!)
- Johnson /10 (term! or discrim! or invest! or fire! or retal!)

21. On March 1, 2022, the NRP IT employee was provided the list of terms. On March 15, 2022, the PST files were provided to counsel. The searches requested by the EEOC returned **141,838** items.[3]

22. On March 16, 2022, counsel for NRP began reviewing the documents. It became apparent that a physical review of each individual PST file, including several attachments to each email, would be cumbersome and slow. Accordingly, NRP undertook the additional expense at that time of contracting with a third-party vendor (Relativity) to upload the files to its database to permit faster review.

23. The documents were uploaded to Relativity on March 22, 2022 and a de-duplication filter was run to remove duplicated emails. After the deduplication

[3] At the time of the parties' last telephone conversation prior to EEOC filing its motion to compel, counsel for NRP informed counsel for EEOC that the searches had returned approximately 4,000 items. However, the undersigned counsel was not aware at that time that that figure was the estimated number of items for only <u>one</u> search.

filter was run, there were still 54,250 items to be reviewed.  The review by counsel, using an associate and a paralegal working full-time, began on the same day.[4]

24.     As of March 27, 2022,  5,119 items have been reviewed and **only 9** of those items have been responsive to the EEOC's document requests, meaning that only **.02%** of the items returned by the EEOC's search terms are responsive to the EEOC's discovery requests.[5]

25.     Because of the number and breadth of the search terms insisted upon the EEOC, such as "complain!," the search has captured thousands of items that are in no way relevant to the claims or defenses in this case.  By way of example, as a part of its regular business, NRP maintains logs of the number of customer complaints for each store, whether it is a customer's complaint about the failure to include an ingredient in their meal or for being short staffed.  Moreover, a number of these documents do not even detail the customer complaints, but instead simply list the number of complaints made during a specific period.

---

[4] This review has been interrupted by the need to respond to the EEOC's motion to compel.

[5] Two of these items are protected by attorney-client privilege.  One item was merely an internal inquiry regarding whether this lawsuit had been served.  The remaining items were transmittal e-mails between NRP and the EEOC during the pendency of Mr. Teague's EEOC charge regarding documents and information sought by the EEOC. Those documents have already been produced by NRP in this case.

## II.

## ARGUMENT

### A. Delay Has Been Caused By The Number and Breadth Of The EEOC's Requests

Although Rule 26 allows for broad discovery, it is not an unlimited license for a fishing expedition. *See Porter v. Ray*, 461 F.3d 1315, 1394 (11th Cir. 2006); *Belcher v. A&M Business Properties, Inc.*, 2015 U.S. Dist. LEXIS 97541 (M.D. Fla. July 27, 2015); *Gibbons v. Food Lion, Inc.*, 1999 U.S. Dist. LEXIS 23576, at *1 (M.D. Fla. Feb. 19, 1999); *Dellacasa, LLC v. John Moriarty & Associates of Florida, Inc.*, 2007 U.S. Dist. LEXIS 84898 (S.D. Fla. Nov. 16, 2007).

Moreover, the 2015 amendments to the Rule 26(b)(1) "restore[d] the proportionality factors to their original place in defining the scope of discovery." Rule 26(b)(1), Advisory Committee Notes, 2015 Amendment. Therefore, a party seeking discovery must make an initial showing that the discovery is both relevant and proportional to the needs of the case. The factors that inform proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(1).

This is a single plaintiff employment case. Mr. Teague worked for NRP for only three and a half months in 2019. The issues in this case are whether Mr. Teague was harassed by two co-workers and whether he was retaliated against after he complained about the alleged harassment. There is no evidence that any other employee ever complained about the two alleged harassers. Mr. Teague's damages are capped at $300,000. NRP is a relatively small company, which employs few IT employees.[6]

The EEOC's discovery approach in this case far exceeds what undersigned counsel has found customary in litigating employment cases in this Court over the last nearly forty years. The EEOC has chosen to litigate this case as if it was a federal antitrust lawsuit, propounding dragnet, "no stone unturned" written discovery requests on the off chance that they might turn up something relevant. After NRP agreed to perform scores of e-mail searches insisted upon by the EEOC

[6] NRP's parent company employs only four IT employees. Two of those employees work in the field handling hardware issues and a third employee is spending virtually all of her time testing new POS systems, leaving just one employee to conduct the searches requested by the EEOC.

in order to avoid the expense of a motion to compel[7], the EEOC now has the temerity to argue that, notwithstanding the number and breadth of its requests, it is not receiving its requested discovery fast enough to satisfy it.

The fact that just .02 of 10% of the e-mails reviewed so far are responsive to the EEOC's document requests speaks directly to the overbreadth of the search terms insisted upon by the EEOC. Due to the number and overbreadth of those terms, NRP cannot reasonably meet the arbitrary deadlines set by the EEOC. The retrieved documents must first be reviewed to ensure that privileged information and other confidential information is not inadvertently produced. Items returned by the searches may contain non-responsive documents with confidential business information, as well as HIPAA protected information, not to mention the overwhelming number of documents that simply have no relevance to this litigation.

Any suggestion that NRP failed to meaningfully participate in the conciliatory process with EEOC or that NRP is withholding documents is simply untrue. In short, the number and breadth of the EEOC's discovery requests have

[7] In hindsight, rather than being conciliatory, NRP would have been better off standing on its overbreadth and burdensomeness objections to the EEOC's written discovery requests and insisting that the EEOC bear the expenses that those requests have created.

imposed tremendous cost and burden upon the NRP, which is far disproportionate to the needs of this case. In addition to the lengthy written communications, which the EEOC attached as an exhibit to its motion [Doc. 32-3], the parties conferred on a number of occasions via telephone, including on January 26th, February 24th, and on March 15th in an extended effort to find some middle ground between the EEOC's extensive requests and NRP's obligations. Moreover, a review of the lengthy (24 pages) correspondence between the parties is evidence in and of itself that NRP has been willing participate in providing additional discovery to EEOC.

In short, the largest part of the delay, by far, in the production of documents responsive to Request Nos. 16-20, 23-30, and 42 is directly attributable to the number and breadth of the EEOC's discovery requests, and not any discovery recalcitrance by NRP. For that reason, the EEOC's motion to compel should be denied.

**B. <u>The EEOC's Request For Financial Documents Is Premature</u>**

The EEOC's Request No. 45 seeks NRP's audited financial statements, documents reflecting the gross income, net income and expenditures, profit and loss statements, balance sheets, complete state and federal corporate tax returns,

"including all documents used, relied upon, or referred to in the preparation of said tax returns," for a period covering more than three years.[8]

Federal courts have repeatedly denied motions to compel the production of financial information on the ground that such discovery is premature until after a ruling on a dispositive motion, or even later. *See, e.g. Perry v. WalMart, Inc.*, 2019 U.S. Dist. LEXIS 231896 (M.D. Fla. Nov. 5, 2019) (denying motion to compel production of tax returns in a hostile work environment and retaliation case and ruling that the plaintiff could renew the request at the close of her case-in-chief at trial); *EEOC v. American Tool & Mold, Inc.*, 2013 U.S. Dist. LEXIS 199324, at *5 (M.D. Fla. July 17, 2013) ("the discovery of Defendant's financial worth is deferred until liability for punitive damages is established at trial or otherwise deemed necessary. Defendant shall not be required to produce the requested discovery until the final pre-trial conference, or such late time as the Court directs, when it becomes apparent that punitive damages can be awarded"). *See also Gant v. Kash n' Karry Food Stores, Inc.*, 2009 U.S. Dist. LEXIS 136633, at *3-4 (M.D. Fla. Apr. 17,

[8] The EEOC makes no effort to establish the proportionality of this sweeping request. Moreover, only *current* financial information is relevant to a claim for punitive damages. *Lane v. Capital Acquisition,* 242 F.R.D. 667, 670 (S.D. Fla. 2015) (plaintiff's discovery requests were overbroad because only current financial documents are relevant to a claim for punitive damages); Ce*rvenec v. Borden Dairy Co. of Florida, LLC,* 2015 U.S. Dist. LEXIS 194079, at *12 (S.D. Fla. Oct. 16, 2015).

2019); *Gallina v. Commerce & Indus. Ins.*, 2008 U.S. Dist. 62688, at *3 (M.D. Fla. Aug. 15, 2008); *EEOC v. Kronberg Bagel Co.*, 2001 U.S. Dist. LEXIS 26808 (M.D. Fla. Oct. 31, 2001); *Williams v. South Lubes, Inc.*, 2012 U.S. Dist. LEXIS 178227, at *3-4 (N.D. Fla. Dec. 3, 2012).

Accordingly, the EEOC's motion to compel the requested financial documents should be denied as premature.

**C. The EEOC's Request For Attorneys' Fees Should Be Denied**

Under Rule 37(a)(5)(B), a court should not award payment of attorneys' fees where the non-movant's conduct was "substantially justified or other circumstances make an award of expenses unjust." Discovery conduct is "substantially justified" under Rule 37 "if there is a genuine dispute" or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Knight v. Miami-Dade County*, 856 F. 3d 795, 812 (11th Cir. 2017); *Hill v. Emory University*, 346 Fed. App'x 390, 392 (11th Cir. 2009); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993).

Here, NRP's discovery conduct is substantially justified. The EEOC's extensive request for financial information is premature. Moreover, the delay in

production of e-mails is directly attributable to the number and breadth of the EEOC's discovery requests. Accordingly, the Court should deny the EEOC's request for an award of fees.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 29, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Kristen M. Foslid
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Miami District Office
Miami Tower

100 S.E. 2nd Street, Suite 1500
Miami, FL  33131

Lucas B. Michelen
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Tampa Field Office
501 E. Polk Street, 10th Floor
Tampa, FL  33602

Octavia Brown
COMMUNITY LAW, PLLC
3104 N. Armenia Avenue, Suite 2
Tampa, FL  33607

                                       /s/ Richard C. McCrea, Jr.
                                                 Attorney